UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

**JOSEPH RICKY CARRIER**     **CASE NO. 6:22-CV-02602**

**VERSUS**     **JUDGE JAMES D. CAIN, JR.**

**GREAT AMERICAN ASSURANCE CO**     **MAGISTRATE JUDGE CAROL B. WHITEHURST**

## MEMORANDUM RULING

Before the Court is "Great American's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(B)(6) and 12(B)(1)" (Doc. 5) wherein Defendant, Great American Assurance Company ("Great American") moves to dismiss this lawsuit because Plaintiff, Joseph Ricky Carrier, is not a named insured, additional insured, or third-party beneficiary under the policy of insurance alleged in the Complaint.

## INTRODUCTION

On or about October 9, 2022, Hurricane Delta made landfall near Lake Charles, Louisiana. Plaintiff owns property in Rayne, Louisiana. Plaintiff alleges his property was damaged by Hurricane Delta. Plaintiff failed to obtain homeowner's insurance as required by Carrington Mortgage Services ("Carrington"), the Mortgagee. Consequently, Carrington, as the lender, secured insurance through a force-placed policy from Great Assurance.

Plaintiff alleges that the Great American failed to properly adjust his claims for the alleged damage caused by Hurricane Delta.

## RULE 12(b)(6) STANDARD

Rule 12(b)(6) allows for dismissal when a plaintiff "fail[s] to state a claim upon which relief can be granted." When reviewing such a motion, the court should focus on the complaint and its attachments. *Wilson v. Birnberg*, 667 F.3d 591, 595 (5th Cir. 2012). The court can also consider documents referenced in and central to a party's claims, as well as matters of which it may take judicial notice. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000); *Hall v. Hodgkins*, 305 Fed. App'x 224, 227 (5th Cir. 2008) (unpublished).

Such motions are reviewed with the court "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 461 (5th Cir. 2010). However, "the plaintiff must plead enough facts 'to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Accordingly, the court's task is not to evaluate the plaintiff's likelihood of success but instead to determine whether the claim is both legally cognizable and plausible. *Lone Star Fund v. (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

## LAW AND ANALYSIS

Great American moves to dismiss the instant lawsuit because Plaintiff has no standing to sue Great American. Plaintiff argues that he is a third-party beneficiary and thus a *stipulation pour autrui* was created by the policy of insurance.

Plaintiff is the mortgagor on a mortgage loan serviced by Carrington. The terms of Plaintiff's mortgage required him to maintain homeowner's hazard insurance for the

property subject to the mortgage, which he failed to do. Carrington force-placed property insurance with Great American to protect its interest in its collateral.[1] The policy does not name Plaintiff as an insured, additional insured, loss payee, or third-party beneficiary. Carrington is the only insured under the policy.[2]

> The Declaration page states as follows:
>
> Unless indicated otherwise by endorsement, this policy does not provide coverage for flood, earth movement, contents, error & omission or liability, **nor does it provide coverage for the interest or equity of the mortgagor**. This is creditor placed insurance, protecting your mortgagee interest, subject to policy terms and conditions.[3]

To bring suit on an insurance policy, the plaintiff must be a named insured, an additional named insured, or an intended third-party beneficiary of the policy. *Williams v. Certain Underwriters at Lloyd's of London,* 398 F. App'x. 44, 47 (5th Cir. 2010) (citing *Joseph v. Hospital Service Dist. No. 2 of Parish of Saint Mary,* 939 So.2d 1206, 1212 (La. 2006); Louisiana Civil Code Art. 1978).

The most basic requirement of a *stipulation pour autrui* is that the contract manifest a clear intent to benefit the third party. *Joseph*, 939 at 1212. Plaintiffs argue that their premium payments entitle them to benefits under the policy. Payment of a lender-placed policy is not sufficient to grant Plaintiffs standing under the policy. See *Kilson v. Am. Road Ins. Co.,* 345 So.2d 967, 969 (La.App. 2 Cir. 1977); *Harrison v Safeco Inc. Co.,* 2007 WL 1244268, at *5 (E.D. La. Jan. 26, 2007).

---

[1] Defendant's exhibit A.
[2] *Id.*
[3] *Id.*(emphasis added)

The Court finds that the policy of insurance does not create a *stipulation pour autrui* in Plaintiff's favor. Alternatively, Plaintiff asks the Court to allow him to amend his Complaint to add Carrington Mortgage Services, LLC as a Defendant and assert a detrimental reliance claim against Great American and Carrington.

In order to establish a claim for detrimental reliance, a party must prove three elements by a preponderance of the evidence: (1) a representation by conduct or work; (2) justifiable reliance; and (3) a change in position to one's detriment because of the reliance. Louisiana Civil Code article 1967. As noted by Plaintiff, the basis of detrimental reliance is "the idea that a person should not harm another person by making promises that he will not keep." *Babkow v. Morris Bart, P.L.C.,* 726 So.2d 423, 427 (La.App. 4 Cir. 12/16/98) (quoting *Orr v. Bancroft Bag, Inc.*, 687 S.2d 1068, 1070)). Thus, the focus of analysis of a detrimental reliance claim is not whether the parties intended to perform, but, instead, whether a representation was made in such a manner that the promisor should have expected the promisee to rely upon it, and whether the promisee so relies to his detriment. *Id.*

However, as noted by Great American, Great American has made no representation to Plaintiff and Plaintiff has failed to establish that Carrington made any representations to Plaintiff. Carrington secure the insurance policy solely to protect its interest in the property because Plaintiff failed to comply with the terms of the mortgage and secure the appropriate insurance. Thus, the Court finds that Plaintiff's request to amend the Complaint and add Carrington as a Defendant would be futile.

## CONCLUSION

For the reasons set forth herein, Great American's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(B)(6) (Doc. 5) will be granted dismissing the instant lawsuit with prejudice.

**THUS DONE AND SIGNED** in Chambers on this 28th day of December 2022.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**